(26 Misc. Rep. 488.)

### OLIN v. ARENDT et al.

(Supreme Court, Special Term, New York County. February, 1899.)

PLEADING—FRIVOLOUS DEMURRERS—MORTGAGES.

    In an action to foreclose a mortgage, where the complaint alleges that defendants have, or claim to have, some interest in the premises which is subsequent to the lien of the mortgage, but contains no prayer for affirmative relief against them, a demurrer on the ground that no cause of action is stated is frivolous, within Code Civ. Proc. § 537.

Action by George C. Olin against Max Arendt and others. Plaintiff moves for an order overruling a demurrer to the complaint as frivolous, and for judgment thereon. Granted.

C. W. Hartridge, for the motion.
C. B. Hubbell, opposed.

GILDERSLEEVE, J. The action is to foreclose a mortgage. The complaint, among other things, alleges that the defendants, Arendt, Cohen, and Caspar, as executors and trustees under the last will and testament of Julius Lipman, deceased, have, or claim to have, some interest in or lien upon the said mortgaged premises, or some part thereof, which interest or lien, if any, has accrued subsequent to the lien of the said mortgage. These defendants, as such executors and trustees, interpose a demurrer on the ground that the complaint does not state facts sufficient to constitute a cause of action against these defendants as such executors and trustees. The plaintiff makes this motion for an order overruling the demurrer as frivolous, and for judgment thereon for the relief demanded in the complaint against said defendants. The complaint demands no affirmative relief against these defendants in their representative capacity, although they are also sued individually, and relief demanded against them individually for any deficiency that might remain after the foreclosure sale. The demurrer is interposed by them in their representative capacity only.

Section 447 of the Code provides that:

"Any person may be made a defendant who has, or claims, an interest in the controversy adverse to the plaintiff, or who is a necessary party defendant for the complete determination or settlement of a question involved therein; except as otherwise expressly prescribed in this act."

The complaint, as we have seen, alleges that defendants, in their said representative capacity, have, or claim to have, some interest in the mortgaged premises. It was therefore proper to make them parties defendant, in order to have a complete determination of the questions involved in the action. No affirmative relief is demanded against these defendants in their said representative capacity, as we have seen; and these defendants, as such executors and trustees, are not called upon to plead, unless they wish to attack the priority or validity of the plaintiff's mortgage. If there should be a deficiency on the mortgage after the sale of the premises, these defendants, ·in their said representative capacity, could not be called upon to pay the same. It seems to me that the demurrer is frivolous, within the meaning of section 537 of the Code, and that plaintiff is prejudiced thereby. The motion for an order overruling the demurrer, and for judgment thereon for the relief demanded in the complaint against these defendants in their said representative capacity, must be granted, with $10 costs to the plaintiff. Settle order on notice.

Motion granted, with $10 costs to plaintiff.